IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY** | § § § | |
| **Plaintiff** | § § | |
| v. | § § | **CIVIL ACTION NO. 3:23-cv-2649** |
| **USAPD, LLC** **dba USA PATROL DIVISION** **and ALICIA ORTA** | § § § § § | |
| **Defendants** | § § | |

## ORIGINAL COMPLAINT

Plaintiff Mesa Underwriters Specialty Insurance Company (MUSIC) files this Original Complaint and would show the following:

### I.   INTRODUCTION

1. This is an insurance coverage action regarding coverage for claims asserted against Defendant USAPD, LLC dba USA Patrol Division, in an underlying lawsuit styled *Alicia Orta as Next Friend of C.O., a minor child, v. USAPD dba USA Patrol Division and Greyhound Lines, Inc.,* No. DC-23-13750, filed in the 101st District Court in Dallas County, Texas.

2. MUSIC seeks a declaration that it has no duty to defend or indemnify USAPD against the claims asserted in the underlying lawsuit.

### II.   PARTIES

3. Plaintiff MUSIC is an insurance company incorporated under the laws of the State of New Jersey and with its principal place of business in New Jersey. It is therefore a citizen of New Jersey.

4. USAPD is a limited liability company whose sole members are Nisreen Samara and Lubna Samara. Both Nisreen Samara and Lubna Samara are natural people who have established domicile

in Harris County, Texas. Therefore, USAPD is a citizen of Texas. USAPD may be served via its registered agent, Nisreen Samara, at 3001 Autumn Creek Drive, Friendswood, Texas 77546, or at any other location where Samara may be found.

5. Defendant Alicia Orta is a natural person who has established domicile in Texas and is therefore a citizen of Texas.

### III.   JURISDICTION & VENUE

6. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Defendants are citizens of Texas. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. This Court has personal jurisdiction over Defendants because they are citizens and residents of Texas.

8. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### IV.   THE UNDERLYING LAWSUIT

9. The Original Petition alleges that USAPD is a company that provides a variety of security services and had a contract to provide security services at a downtown bus terminal located at or about 1001 Jones Street, Fort Worth, Texas.

10. USAPD allegedly hired Quincy Andrea Neighbors to work as a security guard at the bus terminal.

11. According to the Original Petition, at the time of his hiring, Neighbors had been convicted of two separate felony child molestation offenses and was not licensed by the Texas Department of Public Safety as an armed security guard in the State of Texas.

12. It is alleged that on or around April 2, 2022, C.O. was an unaccompanied minor at the bus terminal who was trying to find the bus that was to take her to Dallas. She approached Neighbors, whom she believed to be a police officer. He offered to take her home after his shift ended and placed her in his vehicle. He later took her to a secluded park in Fort Worth and viciously sexually assaulted her. He was convicted of a third sexual offense with a minor and is currently serving a life sentence in prison.

13. It is alleged that C.O. suffered substantial, life-altering injuries as a result of the assault.

14. Plaintiff alleges that: (1) USAPD was negligent in hiring, retaining and training an unlicensed known convicted sexual predator, who was given direct access to foreseeable unaccompanied minors at the bus terminal; (2) USAPD failed to provide adequate security for unaccompanied minors such as C.O.; (3) USAPD failed to adequately monitor and supervise Neighbors' activities; (4) USAPD failed to have policies or had inadequate policies for vetting security guards prior to hire; (5) USAPD used unlicensed security guards and guards previously convicted of sexual assault of minors at a location where it was known that vulnerable unaccompanied minors would be present; (6) USAPD provided security uniforms substantially similar to uniforms worn by police officers so as to confuse the public, and (7) USAPD failed to have policies or had inadequate policies for insuring the safety of minors and removing unaccompanied minors from the bus station.

15. Plaintiff also alleges that USAPD acted with gross negligence to the rights and safety of others, including C.O., in (1) hiring Neighbors, an unlicensed security guard with two prior convictions for sexual assault on minors, and (2) placing Neighbors as a security guard at the bus station where he would be around vulnerable unaccompanied minors such as C.O.

V. THE MUSIC POLICY

16. MUSIC issued a commercial general liability policy to USAPD, bearing policy number MP0042018003294, for the policy period of November 2, 2021, to November 2, 2022. The policy provides no coverage for the claims Plaintiff asserts in the underlying lawsuit.

17. The policy's insuring agreement provides, in relevant part:

SECTION I – COVERAGES

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

   * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period;

18. Additionally, the policy contains an Assault or Battery Exclusion, which provides, in pertinent part:

   I. This insurance does not apply to locations specified in the above Schedule for "bodily injury", "property damage", "personal and advertising injury", or medical payments under Coverage C, caused by, arising out of, resulting from, or in any way related to an "assault" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:

      A. The direct or indirect instigation, instruction or direction, by you, your employees, patrons or any other persons, or

    B. The failure to provide a safe environment including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or

    C. The negligent employment, investigation, supervision, hiring, training or retention of any persons, or

    D. Negligent, reckless or wanton conduct by you, your employees, patrons or any other persons, or

* * *

This exclusion applies to all locations if the above Excluded Location Schedule is left blank. Further, this exclusion also applies to all locations specified in the Limited Assault or Battery Coverage endorsement if also attached to the policy.

* * *

II. For the purpose of this endorsement only, the following definitions are added to SECTION V – DEFINITIONS

    A. "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury, sexual abuse or harassment, intimidation, verbal abuse, and any threatened harmful or offensive contact between two or more persons.

    B. "Battery" means the intentional or reckless use of force including a physical altercation or dispute between persons, or offensive touching or sexual molestation against another, resulting in injury whether or not the actual injury inflicted is intended or expected. The use of force includes, but is not limited to the use of a weapon.

The schedule referenced in the Assault and Battery Exclusion is blank; therefore, it applies to all locations.

    19.    The foregoing exclusion precludes coverage under the policy for the claims Plaintiff asserts against USAPD in the underlying lawsuit.

### VI.   COUNT ONE: DECLARATORY JUDGMENT — NO DUTY TO DEFEND OR INDEMNIFY

20. An actual and justiciable controversy exists between MUSIC and Defendants concerning their respective rights and liabilities under the MUSIC policy.

21. The claims asserted against USAPD in the underlying lawsuit are for "bodily injury" to C.O. caused by an "assault" or "battery."

22. Further, USAPD is specifically alleged to have been a cause of the "assault" or "battery" by failing to provide a safe environment; failing to have policies or adequate policies to ensure the safety of minors; failing to have policies or adequate policies against the removal of unaccompanied minors from the bus station; negligently hiring, retaining and training Neighbors; failing to adequately monitor and supervise Neighbors; failing to have policies or adequate policies for vetting security guard hires; using unlicensed security guards at a location where it was known that vulnerable unaccompanied minors would be routinely present; and providing security guard uniforms that looked substantially similar to uniforms worn by police officers to confuse the public of the security guard's association with a police department . Therefore, the Assault and Battery exclusion precludes coverage for the claims.

23. MUSIC seeks a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to defend USAPD against the claims asserted in the underlying lawsuit and that it has no duty to indemnify USAPD for any judgment or settlement in the underlying lawsuit.

### VII.   RESERVATION TO AMEND

24. Plaintiff reserves the right to amend this action as necessary and to include any additional claims that may be made.

## VIII. Prayer

WHEREFORE, MUSIC prays for a declaration that it has no duty to defend or indemnify USAPD against the claims asserted in the underlying lawsuit. In the alternative, MUSIC asks for a declaration of the Parties' rights and duties under the policy. MUSIC further prays for any further relief to which it may be entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY**