UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>USAPD, LLC d/b/a USA PATROL DIVISION, et al.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§   Civil Action No. 3:23-CV-2649-X<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Alicia Orta's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 11). After reviewing the motion, the response, and the applicable law, the Court **DENIES** Orta's Motion to Dismiss.

## I.   Background

This is an insurance coverage dispute. Alicia Orta, as Next Friend of a minor child, filed a lawsuit in state district court against USAPD, LLC dba USA Patrol Division (USAPD) and Universal Protection Service, LP, dba Allied Universal Security Services (Allied Universal) for injuries sustained by the minor child at a bus terminal where USAPD and Allied Universal were responsible for providing security. USAPD holds a commercial general liability policy issued by Mesa Underwriters Specialty Insurance Company (Mesa). MESA filed this suit seeking a declaratory judgment on whether it has a duty to defend or a duty to indemnify USAPD and

1

Allied Universal, in the underlying lawsuit brought by Orta. Initially, Mesa sued the insured, USAPD, and Orta, individually. (Doc. 1). Defendant Orta filed her Motion to Dismiss (Doc. 11), arguing Mesa's claims against her failed to satisfy subject-matter jurisdiction requirements and failed to state a claim. Subsequent to Orta's motion to dismiss, Mesa amended its complaint to add Allied Universal. (Doc. 27). Since the alleged defects challenged by Orta's motion to dismiss appear in both the Original Complaint and the Amended Complaint, the Court will consider the motion as being addressed to the Amended Complaint (Doc. 27).[1]

## II.     Legal Standard

### A. Rule 12(b)(1)

Motions filed under Rule 12(b)(1) allow a party to challenge the Court's subject-matter jurisdiction to hear the case.[2] Where the Court "lacks the statutory or constitutional power to adjudicate the case," it should dismiss the case for lack of subject matter jurisdiction.[3] "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[4] When filed with other Rule 12

---

[1] *See Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. Rather, if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." (cleaned up)).

[2] Fed. R. Civ. P. 12(b)(1); *see also Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

[3] *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[4] *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

motions, motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure must be considered first.[5]

## B. Rule 12(b)(6)

A Rule 12(b)(6) motion challenges a pleading for a "failure to state a claim upon which relief can be granted."[6] A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] When analyzing the pleadings under a Rule 12(b)(6) motion, the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."[8]

## III. Analysis

The Court first considers the jurisdiction challenge, then considers the challenge to the pleadings on the merits.

### A. Rule 12(b)(1)

The issue here is whether a third-party claimant to an insurance policy is a proper party to a declaratory action brought by an insurer. Orta argues the Court has no subject-matter jurisdiction over her as a defendant because she has no standing, interest, or right to invoke the duty to defend in this dispute between Mesa, as the insurer, and the other defendants, as the insured. And further, she argues that the duty to indemnify is premature where there is no judgment or settlement in the underlying lawsuit. Mesa disagrees, arguing that Orta is a proper defendant

---

[5] *Ramming*, 281 F.3d at 161.

[6] Fed. R. Civ. P. 12(b)(6).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

under Fifth Circuit law and that the disputes as to the duty to defend and the duty to indemnify are both ripe due to the facts of the underlying state lawsuit. Based on established precedent, the Court agrees with Mesa that there is subject matter jurisdiction over Orta.

The Supreme Court has clearly recognized that a third-party claimant, who is seeking recovery against the insured party for injuries alleged to fall within the policy, is a proper party to a declaratory judgment action.[9] In *Maryland Casualty Company*, the Court held that there was an "actual controversy" between the third-party and the insurer, and holding otherwise could lead to "opposite interpretations of the [insurance] policy . . . by the federal and state courts."[10] In "a declaratory judgment action brought by an insurance company against its insured *and* an injured party . . . seeking liability determination against the insured in a state court action does constitute an actual controversy within the meaning of the Declaratory Judgment Act."[11]

The Court looks to the Amended Complaint to resolve the jurisdictional challenge. According to the Amended Complaint, Orta filed the underlying lawsuit in the 101st District Court in Dallas County, Texas. That lawsuit asserts claims against USAPD for negligence in hiring a security guard who assaulted an

---

[9] *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941); *accord, e.g.*, *Allstate Fire & Cas. Ins. Co. v. Vernon*, 2024 WL 4520687, at *3 (W.D. Tex. Oct. 15, 2024); *Atl. Cas. Ins. v. Ramirez*, 651 F. Supp.2d 669, 674 (N.D. Tex. 2009) (Furgeson, J.).

[10] *Md. Cas. Co.*, 312 U.S. at 274.

[11] *Atl. Cas. Ins. Co.*, 651 F.Supp.2d at 673 (citing *Maryland Cas. Co.*, 312 U.S. at 272) (emphasis in original).

unaccompanied minor. Mesa issued a commercial general liability policy to USAPD, the defendant in the underlying state lawsuit. Orta is an injured party seeking a liability determination against USAPD and Allied Universal in state court. There exists an actual controversy between Mesa, the insurer, the insured defendants, and Alicia Orta, the injured party in this declaratory judgment action. Therefore, the Court has subject matter jurisdiction over Orta and **DENIES** her motion to dismiss on Rule 12(b)(1) grounds.

### B. Rule 12(b)(6)

Orta next argues that Mesa has not pled any claim against her as to the duty to defend or the duty to indemnify, and that its claims are premature. The Fifth Circuit has held the opposite. Mesa seeks to adjudicate by declaratory judgment whether it has a duty to defend the insured defendants against Orta's underlying lawsuit, and if yes, whether it has a duty to indemnify the insured against a potential judgment or settlement in Orta's favor. Alicia Orta has a "real and substantial though not immediate" interest in these questions.[12] The Amended Complaint outlines the underlying lawsuit between Orta and the insured, the policy issued to the insured, and the exclusions in that policy. Mesa has sufficiently pled a claim for declaratory judgment, and the Court **DENIES** the motion to dismiss on Rule 12(b)(6) grounds.

---

[12] *Central Sur. & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939) (recognizing that an injured party seeking recovery from an insured party is a proper party to a declaratory judgment action brought by the insurer); *see also Atlantic Cas. Ins.*, 651 F.Supp.2d at 674.

## IV.   Conclusion

After reviewing the motion, response, and legal standard, the Court **DENIES** Orta's Motion to Dismiss.

**IT IS SO ORDERED** this 22nd day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE