UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, § § § § | |
| *Plaintiff,* § | Civil Action No. 3:23-CV-2649-X |
| § | |
| v. § | |
| § | |
| USAPD, LLC d/b/a USA PATROL DIVISION, et al., § § § | |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services' (Allied) opposed motion for leave to file its second amended answer and original counterclaims. (Doc. 45). After reviewing the motion, the response, and the applicable law, the Court is of the mind the motion should be **GRANTED IN PART** and **DENIED IN PART**. Allied is instructed to file an amended answer that complies with the instructions contained herein within 7 days of the date of this order.

### I. Background

This is an insurance coverage dispute. Alicia Orta, as Next Friend of a minor child, filed a lawsuit in state district court against USAPD, LLC dba USA Patrol Division (USAPD) and Universal Protection Service, LP, dba Allied Universal Security Services (Allied) for injuries sustained by the minor child at a bus terminal where USAPD and Allied were responsible for providing security. USAPD holds a

1

commercial general liability policy issued by Mesa Underwriters Specialty Insurance Company (Mesa). Mesa filed this suit seeking a declaratory judgment on whether it has a duty to defend or a duty to indemnify USAPD and Allied Universal, in an underlying lawsuit in state court. Initially, Mesa sued USAPD, the insured, and Orta, individually, then amended its complaint to add Allied Universal. (Doc. 27). Allied Universal first answered on October 7, 2024 (Doc. 31), then amended its answer approximately one month later on November 12, 2024 (Doc. 32). Mesa filed its motion for summary judgment on December 4, 2024. On January 20, Allied's new counsel appeared and subsequently filed the motion at bar eight days later. Allied seeks to amend its answer to (1) correct the previous mis-designation of its affirmative counterclaims as "affirmative defenses" and (2) to plead a claim for violation of the Prompt Payment of Claims Act.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading with the opposing party's written consent or the court's leave" before the deadline to amend pleadings has past.[1] The Rule further states that "[t]he court should freely give leave when justice so requires."[2] However, where a motion for leave comes after the amended pleadings deadline and, thus, requires a modification of the scheduling order, Rule 16(b) also applies. Where the scheduling order deadline has expired, the

---

[1] *See* Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

movant must demonstrate "good cause to modify the scheduling order" before "the more liberal standard of Rule 15(a) [will] apply."[3]

The Court considers four factors when considering an untimely motion to amend pleadings: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[4]

### III. Analysis

Allied fails to address the Rule 16(b)(4) good cause standard in its motion but does address the standard in its reply. The Court considers the motion in two parts: first, the mis-designation of Allied's counterclaims as affirmative defenses, and second, the new claim under the Prompt Payment of Claims Act (Prompt Payment).

### A.  Affirmative Counterclaims

In its Second Amended Complaint, Allied included claims for declaratory judgment and breach of contract, labeled as "Affirmative Answer and Defenses."[5] These claims are obviously affirmative counterclaims. Federal Rule of Civil Procedure 8 provides for such a situation of mistaken designation: "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."[6] Here, since Allied's counterclaims

---

[3] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)).

[4] *Id.*

[5] Doc. 32 ¶¶ 39, 40.

[6] Fed. R. Civ. P. 8(c)(2).

were mistakenly designated as a defense, the Court **GRANTS** the motion for leave to amend to correctly designate these two claims as affirmative counterclaims.

B.    **Counterclaim for Violation of the Prompt Payment of Claims Act**

Allied's new claim for violation of the Prompt Payment Act is a different situation. It is not a mistaken designation but an entirely new claim. So the Court turns to the four factor test for good cause under Rule 16.

First, Allied explains that its failure to timely move for leave is because the amendment deadline passed before Allied was joined as a party, and it retained new counsel. Mesa argues that Allied did not seek a continuance of the amendment deadline when it asked the Court to extend other deadlines in the case. The Court agrees mostly with Mesa. While Allied could not have met a deadline that expired prior to it being joined, it did not seek to reopen or continue this deadline. As to new counsel, the failure to plead an affirmative claim is attributable to Allied, not its counsel, and the fact that Allied has retained new counsel does not justify a finding of good cause.[7]

Next, since dispositive motions have been filed and fully briefed, Mesa would be sufficiently prejudiced by allowing a brand-new claim. Allied attempts to argue that its cross motion for summary judgment includes its proposed claim so Mesa isn't prejudiced. But these claims are not live in the record, and the dispositive motions deadline is not for several months. Allied filed its cross motion anyways. A

---

[7] *See, e.g.*, *Webb v. City of Dallas*, No. 3-00-CV-2558-R, 2003 WL 21321222, at *2 (N.D. Tex. June 5, 2003) (Kaplan, M.J.).

continuance will not alleviate such a prejudice because the parties' motions for summary judgment have already been filed ahead of the scheduled motion deadline.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Allied's motion for leave.  Allied is **ORDERED** to file an amended answer which only includes revisions as to its affirmative counterclaims for breach of contract and declaratory judgment, but does not include the proposed Prompt Payment Claim.

**IT IS SO ORDERED** this 19th day of March, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE